TOWNSEND v. RAILROAD.

(*Nashville.    December  15,  1900.*)

1. DECLARATION.  *Averring negligent injury of passenger by carrier insufficient, when.*

A declaration, in an action by a passenger against a common carrier, is insufficient, which avers, in substance, that the plaintiff was injured by being thrown upon the depot platform by a sudden lurch of the train caused by the engineer's negligence, when he was in the act of stepping from the train, which he supposed had stopped, but which was, in fact, still in motion and approaching the station, upon an invitation to be implied from the action of defendant's employes in charge of the train, in blowing whistle, ringing bell, and announcing name of station as the train approached it.

Case cited: Railroad v. Massengill, 15 Lea, 328.

2. RAILROADS.  *Invitation for passenger to alight not implied, when.*

The compliance by a railroad company with the statutory requirements of sounding whistle, ringing bell, and announcing name of station as trains approach it, does not afford any invitation, express or implied, or any excuse to passengers for alighting from the train while in motion, and before it has stopped at the station.

3. SAME.  *Rights of passenger alighting from moving train by mistake.*

A passenger who suffers injury in alighting from a moving train, under the mistaken belief, not induced by the fault of the carrier, that the train had reached the station and stopped, has no cause of action against the carrier.

4. SAME.  *Same.*

The fact that a passenger is unable to obtain a seat, and is com-

Townsend *v.* Railroad.

pelled to stand on the platform of the coach, affords no excuse for his alighting from the train while in motion.

---

FROM WHITE.

---

Appeal in error from Circuit Court of White County. Hon. W. T. SMITH, J.

SNODGRASS & FANCHER, STORY. & KIRBY for Townsend.

JARVIS, HILL & JARVIS for Railroad.

WILKES, J. This is an action against a common carrier for personal injuries sustained by the plaintiff while attempting to alight from a train. There was a demurrer to the declaration, which was sustained, and the suit was dismissed, and plaintiff has appealed to this Court and assigned as error the overruling of the demurrer.

So much of the declaration as is material is that the train was coming into the depot sheds at Nashville. Plaintiff was standing upon the platform, having been unable to secure or hold a seat for some distance before reaching Nashville, as the coach was crowded. The railroad employees in charge of the train blew the whistle, rang the bell, and announced the station as they approached the depot. The train slowed up for passengers to alight, and when it came to the usual place of stopping, it had come to a stop,

or so near to a stop that plaintiff thought it had stopped, and it appeared to have stopped, and by the conduct of defendant's conductor and employees in charge of the train plaintiff was impliedly invited to alight from the train. At the moment the plaintiff stepped off the step on which he had been forced to stand, and was in the act of alighting from the train, the engineer negligently and wrongfully caused the cars to lurch forward by a violent jerk, which threw him off his feet on the floor of the shed, breaking both bones of his wrist or forearm.

We are of opinion this declaration fails to state a cause of action. The blowing of the whistle, ringing of the bell, and calling out the name of the station is not an implied or express invitation to alight at once, but is merely a warning to be ready to alight when the train comes to a stop. The principle governing the case is stated in *Railroad* v. *Massengill,* 15 Lea, 328.

A passenger who steps from a moving train does so at his peril, and to absolve him from all contributory negligence, he must wait until the train has in fact stopped. He cannot recover upon his belief that it had stopped, or had come so near to a stop as to induce him to believe it had stopped.

His mistake, though innocently made, is not a matter upon which liability of the road can be predicated. If he was not misled by the acts

of the railroad employees, or by their specific directions to alight, he must see that the train has in fact stopped, and if he do not, he takes the risk of injury upon himself if he attempts to alight.

The pivotal question in this case is not whether the plaintiff was excusable in being on the steps of the platform because he could not or was not furnished a seat, but, Did he exercise proper care in alighting, and had the train in fact stopped when he attempted to get off?

We do not think the case of *Chicago & Alton Railroad* v. *Arnold,* 19 L. R. A., 316, is in point here. The passenger was injured while in the coach, after she had left her seat for the purpose of alighting. Here the cause of the injury was in attempting to alight from the step, thinking the train had stopped, when in fact it had not.

We think the fact that plaintiff was not provided with a seat for some distance before he reached the city of Nashville can have but little if any weight upon the crucial question in this case. For all that appears from the declaration, he may have been provided a seat when he entered the cars, and may have given it up to others, and then been forced to ride on the platform or steps.

But the determining question in the case is whether, being in this exposed and dangerous situ-

Townsend *v.* Railroad.

ation, he exercised proper care and caution in alighting, and whether, as a matter of fact, the train had stopped. Liability of the road cannot be predicated upon his mistaken belief that the train had stopped, and in the absence of a definite and specific averment that it had as a matter of fact stopped, no cause of action is stated.

We are of opinion, therefore, that there is no error in the judgment of the Court below, and it is affirmed with costs.